The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Ford. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order.
 ***********
Based upon a review of the proceedings and the briefs of the parties, the Full Commission finds as fact:
 FINDINGS OF FACT
1. Plaintiff testified that he was not given a health check by the DOC medical unit at Odom Correctional Institute within 72 hours after he was transferred there from another unit on February 29, 2000. He also testified that Nurse Valerie Barrett took away a back brace plaintiff had when he transferred.
2. On the evening of February 29, 2000, Nurse Barrett reviewed themedical file of plaintiff and found that the doctor's order allowing theback brace had expired in September 1999. Therefore, she removed thebrace from plaintiff's possession. Later that month, a doctor approvedthe use of the back brace by written note and the brace was returned.Nurse Barrett had reviewed the entire medical file of plaintiff and foundno objective medical evidence of any back condition suffered byplaintiff. There were extensive subjective back complaints in plaintiff'smedical file. Plaintiff was in "A" grade health, a condition that meansnothing will prevent his engaging in work or other physical activities.It was the opinion of Nurse Barrett that the doctor ordered the return ofthe back brace not based upon objective medical evidence, but theconstant subjective complaints of plaintiff.
3. Nurse Barrett called plaintiff into the medical unit on March 3, 2000 but the plaintiff did not come. A few days later plaintiff was given his health screening. Regardless, plaintiff had submitted sick calls and had been seen by the medical unit several times the first few days he was at Odom. There is no evidence that any damages were suffered by plaintiff as a result of the late medical screening. A reasonable good faith effort was made to complete the screening within 72 hours.
4. Plaintiff, by his own admission, has no evidence or testimony froma medical expert available to show that a duty was owed and breached inthe context of the medical claim and no such evidence was presented.
 ***********
Based upon the record of the proceedings and findings of fact found by the Deputy Commissioner, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. A plaintiff may not recover in a medical malpractice claim where he cannot show the standard of care and that such standard of care was breached. G.S. § 90-21.12. Expert testimony is generally necessary to establish this standard of care. Warren v. Canal Industries, Inc.,61 N.C. App. 211, 300 S.E.2d 557 (1983). Only where the medical care issue does not involve special skills is such expert testimony not necessary. In the instant case, expert medical testimony is needed in order for plaintiff to prevail.
2. Furthermore, plaintiff has not shown evidence of any objectivemedical damages resulting from the back brace being taken away or thetardy medical screening.
3. The actions of Nurse Barrett in taking away the back brace were reasonable, proper and justified since there was no current medical note allowing the brace. Furthermore, the action of Nurse Barrett in the medical screening was not negligent in that she paged plaintiff within 72 hours to perform the medical screening and had reviewed the entire medical file of plaintiff the first day he was at Odom. There were no negligent acts committed by Nurse Barrett or any other state employee in the context of plaintiff's allegations contained in this claim.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of December 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/______________ RENE C. RIGGSBEE COMMISSIONER